NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GABRIEL JOHN TORRES, *Appellant.*

No. 1 CA-CR 13-0707

FILED 09-04-2014

Appeal from the Superior Court in Maricopa County
No. CR 2012-157203-001
The Honorable Karen A. Mullins, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Adele Ponce
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Maurice Portley and Judge Margaret H. Downie joined.

---

**T H U M M A**, Judge:

¶1        Defendant Gabriel John Torres appeals from his convictions and resulting probation grants for resisting arrest and threatening or intimidating a police officer, arguing the superior court improperly denied his challenge pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986) to the State's peremptory strike of a juror. Finding no error, Torres' sentences and probation grants are affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

¶2        In November 2012, Torres and others went to a restaurant to drink and dance. A fight broke out and the police were called. When the police arrived, Torres approached a police officer and made physical contact with the officer from behind. Officers then took Torres to the ground and arrested him. Although Torres claimed he was not resisting arrest, the police officers stated Torres was flailing his arms. After being arrested, Torres yelled at the police officers and threatened them and their families. Torres was charged with three counts of aggravated assault, one count of resisting arrest and one count of threatening or intimidating.

¶3        As relevant here, during jury selection, the State exercised a peremptory strike of Juror 4, who Torres argued was Hispanic.[2] Torres

---

[1] The court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997) (citation omitted).

[2] Although originally challenging the State's peremptory strike of Juror 5 (the other potential juror Torres argued was Hispanic), in his reply on appeal, Torres "withdraws that portion of the argument." Accordingly, this court considers Torres' challenge to the peremptory strike of Juror 4.

objected under *Batson*, claiming the strike was "based on nationality;" Torres was Hispanic and the State struck the only remaining Hispanic on the panel.

**¶4**         Given Torres' objection, the superior court asked the State for its reasons in exercising the strike. The State explained that it struck Juror 4 because she had stated on her juror form that she was a cashier, but during voir dire stated she was a cook, and thus the State was "worried about her truthfulness." The court analyzed its own notes and the form Juror 4 had completed, and asked the State what it had written down in its own notes. The court specifically noted that Juror 4 worked at a fast food restaurant, and such employees "do multiple things." After considering the parties' argument, the court denied Torres' challenge to the State's peremptory strike of Juror 4.

**¶5**         After a five-day trial, the jury acquitted Torres of the aggravated assault charges but found him guilty of resisting arrest and threatening or intimidating. The court imposed concurrent one-year probation terms for both convictions. From Torres' timely appeal, this court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1) (2014).[3]

## DISCUSSION

**¶6**         Torres argues the superior court erred when it denied his *Batson* challenge. This court defers "to the trial court's findings of fact unless clearly erroneous." *State v. Lucas*, 199 Ariz. 366, 368 ¶ 6, 18 P.3d 160, 162 (App. 2001). The superior court's application of law is reviewed de novo. *Id.*

**¶7**         The Equal Protection clause of the Fourteenth Amendment to the United States Constitution prohibits a party from exercising a peremptory challenge to a potential juror in a racially discriminatory manner. *Batson,* 476 U.S. at 96-98. The *Batson* analysis involves a three-step test to determine whether a constitutional violation has occurred:  (1) the party opposing the strike must make a prima facie showing that the strike was made on the basis of race; (2) if that showing is made, the party exercising the strike must articulate a race-neutral explanation for the

---

[3] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

strike and (3) if a race-neutral explanation is provided, the superior court must decide whether the party challenging the strike has shown purposeful racial discrimination. *See, e.g.*, *Purkett v. Elem*, 514 U.S. 765, 767-68 (1995) (citing cases); *Lucas*, 199 Ariz. at 368 ¶ 7, 18 P.3d at 162 (citing cases).

¶8        As applied, steps one and two occurred and are not at issue. Torres argues the superior court erred in ruling that he had not shown purposeful racial discrimination. Torres correctly notes that this third step requires the superior court to weigh and evaluate the credibility of the State's proffered explanation, including: (1) "the prosecutor's demeanor," (2) "how reasonable, or how improbable, the explanations are" and (3) "whether the proffered rationale has some basis in accepted trial strategy." *Miller-El v. Cockrell*, 537 U.S. 322, 324 (2003). The outcome of this fact-intensive inquiry, which typically turns on an evaluation of credibility, is entitled to great deference on appeal. *State v. Rodarte*, 173 Ariz. 331, 335–36, 842 P.2d 1344, 1348–49 (App. 1993) (citing *Hernandez v. New York*, 500 U.S. 352, 364-65 (1991)).

¶9        The State offered a race-neutral reason as to why it struck Juror 4, citing conflicting statements by her about her job responsibilities. The superior court, considering the facts and circumstances including credibility, accepted the race-neutral explanation the State provided. *See State v. Harris*, 184 Ariz. 617, 619-20, 911 P.2d 623, 625-26 (App. 1995). "A neutral explanation for a peremptory strike need not be coupled with some form of objective verification." *Lucas*, 199 Ariz. at 368 ¶ 9, 18 P.3d at 162 (citing *State v. Eagle*, 196 Ariz. 27, 30 ¶ 11, 992 P.2d 1122, 1125 (1998)). Although Torres relies on *Miller-El*, the record in this case does not reflect anything like the disparate questioning that occurred in that case. 537 U.S. at 344-45. Torres also relies on *Lucas*, but in that case (unlike here), the State offered both a race-neutral and an impermissible explanation for a peremptory strike. 199 Ariz. at 369 ¶ 11, 18 P.3d at 163. Here, however, the State's explanation as to Juror 4 was arguably race-neutral; and thus under the third *Batson* step, Torres had the burden to show purposeful racial discrimination. *Purkett*, 514 U.S. at 767. On this record, and given the deference owed to the superior court's assessment of the facts, this court finds no reversible error in the conclusion that Torres failed to meet his burden. *See State v. Roque*, 213 Ariz. 193, 204 ¶ 15, 141 P.3d 368, 379 (2006) (finding no error in allowing juror to be stricken); *see also State v. Bustamante*, 229 Ariz. 256, 261 ¶ 17, 274 P.3d 526, 531 (App. 2012) (same).

## CONCLUSION

¶10          Torres' convictions and resulting probation grants are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: gsh